UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY A. TAYLOR,

    Petitioner,

        v.                                       CAUSE NO. 3:25-CV-1037-JD-JEM

WARDEN,

    Respondent.

OPINION AND ORDER

Gregory A. Taylor, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (ISP-25-6-1933) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff under Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Taylor argues that his one-year sanction of disciplinary segregation exceeded the six-month maximum term of segregation set forth by departmental policy. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must

instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all." *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000); *see also Jaske v. Hanks*, 27 Fed. Appx. 622, 623 (7th Cir. 2001) ("Because disciplinary segregation affects the severity rather than the duration of custody, Mr. Jaske's petition was improperly brought under § 2254."). Even though Taylor was sanctioned with a loss of earned credit time, this particular claim does not relate to the fact or duration of Taylor's sentence but instead relates to a term of segregation. As a result, this claim is not a basis for habeas relief.[1]

Taylor also argues that his caseworkers are retaliating against him for filing a lawsuit relating to correctional staff's failure to accommodate his needs as a transgender inmate. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Further, "retaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Moreover, Taylor offers no facts to suggest that his caseworkers retaliated against him by issuing the conduct report or in any manner that might have affected the outcome of the disciplinary hearing. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.

---

[1] Moreover, departmental policy allows correctional staff to sanction inmates with up to one year of disciplinary segregation under certain circumstances. Indiana Department of Correction, Policy No. 02-04-101 at 43 n.2 (eff. May 1, 2023), available at https://www.in.gov/idoc/files/policy-and-procedure/policies/02-04-101-ADP-5-1-2023.pdf.

2009) (requiring plaintiffs to identify a "deprivation that would likely deter First Amendment activity in the future" to pursue a First Amendment claim of retaliation in a Section 1983 action). Because retaliatory motive is not a valid basis for habeas relief and because there is no indication that the caseworkers' actions had any effect on the outcome of the disciplinary hearing, the court denies this claim.

Next, Taylor argues that he is entitled to habeas relief because correctional staff refused to give him a copy of the conduct report and thus prevented him from completing the administrative appeal process for this disciplinary hearing. An administrative appeal process is not listed among the requirements for procedural due process in prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that the lower courts should not expand this list. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)); *see also Bixby v. Warden*, 2025 WL 1880247, at *2 (S.D. Ind. June 2, 2025) ("[T]here is no due process right to an administrative appeal, so no error during the administrative appeal process can justify habeas relief."). Additionally, the failure to follow departmental policy or State law alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

If Taylor wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Gregory A. Taylor leave to proceed in forma pauperis on appeal.

SO ORDERED on December 30, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT